# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 4. Motion and Affidavit for Permission to Proceed in Forma Pauperis

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form04instructions.pdf

**9th Cir. Case Number(s)** | 22-16128

**Case Name** | United States of America v. Steven Zinnel | TD Ameritrade Clearing

**Affidavit in support of motion:** I swear under penalty of perjury that I am financially unable to pay the docket and filing fees for my appeal. I believe my appeal has merit. I swear under penalty of perjury under United States laws that my answers on this form are true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

**Signature** | /s/ | **Date** | Oct 23, 2022

The court may grant a motion to proceed in forma pauperis if you show that you cannot pay the filing fees **and** you have a non-frivolous legal issue on appeal. Please state your issues on appeal. (*attach additional pages if necessary*)

See Attachment #1

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

1. *For both you and your spouse, estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income Source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 3,388 | $ | $ 0 | $ |
| Self-Employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and Dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child Support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment Payments | $ | $ | $ | $ |
| Public-Assistance (such as welfare) | $ 190 | $ | $ | $ |
| Other (specify) | $ | $ | $ | $ |
| **TOTAL MONTHLY INCOME:** | $ 3,578 | $ | $ | $ |

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 4    2    Rev. 12/01/2018

2. List your employment history for the past two years, most recent employer first.
   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| Currently Unemployed | [See Attachment #2] | From 8/31/22<br>To | $ |
| Law Offices of Benjamin Arsenian, P.C.<br>[See Attachment #2] | 2677 N. Main St., Suite 900<br>Santa Ana, CA  92705 | From 4/28/22<br>To 8/31/22 | $ 3,388 |
| Was incarcerated in federal custody / federal prison for 8 years 11 months | | From 7/16/13<br>To 6/9/22 | $ |
| | | From<br>To | $ |

3. List your spouse's employment history for the past two years, most recent employer first.
   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A - Unmarried | | From<br>To | $ |
| | | From<br>To | $ |
| | | From<br>To | $ |
| | | From<br>To | $ |

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 4                                    3                              Rev. 12/01/2018

4. *How much cash do you and your spouse have?* $ 314

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| OC Credit Union | Checking | $ 314 | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishing.

| Home | Value | Other Real Estate | Value |
|---|---|---|---|
| None | $ | | $ |

| Motor Vehicle 1: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| None | | | $ |

| Motor Vehicle 2: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| | | | $ |

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 4            4            *Rev. 12/01/2018*

| Other Assets | Value |
|---|---|
| Clothes, tools, technology devices... [estimate] | $ 2,000 |
| See Attachment #3 | $ |
| | $ |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support. If a dependent is a minor, list only the initials and not the full name.*

| Name | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 4      5      *Rev. 12/01/2018*

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 0 | $ |
| - Are real estate taxes included?   ◯ Yes   ◯ No <br> - Is property insurance included?   ◯ Yes   ◯ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 350 | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ 400 | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ 170 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|    - Homeowner's or renter's | $ | $ |
|    - Life | $ | $ |
|    - Health | $ | $ |
|    - Motor Vehicle | $ | $ |
|    - Other | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) | | |
|    Specify | $ | $ |

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 4**        6        *Rev. 12/01/2018*

|  | You | Spouse |
|---|---|---|
| Installment payments |  |  |
| - Motor Vehicle | $ | $ |
| - Credit Card (name) | $ | $ |
| - Department Store (name) | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for the operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify) | $ | $ |
| **TOTAL MONTHLY EXPENSES** | $ 920 | $ |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?* ◉ Yes ○ No

   If Yes, describe on an attached sheet. See Attachment #4

10. *Have you spent—or will you be spending—any money for expenses or attorney fees in connection with this lawsuit?* ○ Yes ◉ No

    If Yes, how much? $ _____

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

The Ninth Circuit previously ordered that Zinnel may proceed in forma pauperis on appeal. [See Attachment 5].

12. *State the city and state of your legal residence.*

City: Aliso Viejo   State: CA

Your daytime phone number (ex., 415-355-8000) 213-547-6456

Your age 58   Your years of schooling 18 years

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 4        7        Rev. 12/01/2018

# Attachment # 1

to

## Motion and Affidavit for Permission to Proceed in Forma Pauperis

**Contemplated Issues on Appeal in this Garnishment Appeal**

1) The district court erred when it did not hold an evidentiary hearing as required by 28 U.S.C. § 3205(c)(5) when Steven Zinnel timely requested the evidentiary hearing wherein he explained, with proof, in great deal that he not owe any of the $3,014,294.00 claimed owed by the government in the underlying "Criminal Case" and in fact the government had actually over-collected $135,310.14 that should be returned and Zinnel claimed exemptions;

2) The district court erred when it issued its Order Adopting Findings and Recommendations for Final Order of Garnishment on July 18, 2022 ordering garnishee TD Ameritrade Clearing, Inc. to pay the Clerk of the United States District Court $1,012,047.08 and the United States of America $150,000.00 for a combined total of $1,162,047.08, when none of the money was owed by Steven Zinnel in the underlying "Criminal Case" which is the disposition order directing release of the garnished funds that is on appeal in the case;

3) The district court erred when it did not transfer the actions and proceedings to the Federal Judicial District of Oregon because Plaintiff had forced Zinnel to live incarcerated in Sheridan, Oregon when Zinnel timely requested the transfer under 28 U.S.C. 3004(b)(2) and under the statute and decisional law, transfer of the garnishment proceeding was mandatory;

4) The district court erred when it erroneously awarded the United States of America a $150,000.00 litigation surcharge under 28 U.S.C. § 3011(a);

5) The district court erred when it did not conduct further proceedings for the United States of America and Steven Zinnel to litigate as agreed in the June 3, 2022 Settlement Conference before United States Chief Magistrate Judge Kendall J. Newman;

6) The district court erred when it failed to rule on Zinnel's Motion to Vacate the Reference of this case to a magistrate judge under 28 U.S.C. 636(c)(4) and Fed.R.Civ.P. 73(b)(3).

Appellant Steven Zinnel reserves the right to add to the above issues on appeal when researching and drafting Appellant's Opening Brief.

Attachment #2

# MEMORANDUM

To: Benjamin Arsenian, Law Offices of Benjamin Arsenian, P.C.

Fr: Steve Zinnel

Dated: August 31, 2022

Re: Forced Resignation

Please accept this Memorandum as my resignation from the Law Offices of Benjamin Arsenian, P.C. effective immediately.

I am forced to resign because you will not correct the untenable situation with Aida who is the law firm's "Office Manager."

**Aida is difficult, mean-spirted, condescending to me, unprofessional, ghetto a micro manager, majors in minor things, and finds fault in everything I do.**

Aida has no management skills whatsoever.

Aida is a cancer and creates a toxic work environment

**You have told me several times you know Aida is difficult**. That is a major understatement.
A Dr. Phil quote is "when people show you who they are, believe them."

Here are some examples of Aida's finding fault, criticisms and pettiness:

- I print too much
- She does not like my proof of service form
- She does not like my exhibit forms
- You should never call Ben on his cell phone or text him
- Why did you put due dates of our discovery in the calendar?
- You don't like it that you have to report to a woman [So not true. It is irrelevant to me that Aida is a woman.]
- On 7/12/22, Aida told me to never call Ben on his cell phone. The day Aida was referring to was July 8, 2022 when Ben was driving back from Riverside and Ben, Derian, and Steve had the conference call, that Ben requested on July 7, 2022, re Marco Legal Malpractice Complaint against Dennis or filing complaint with the State Bar against Dennis. Then Aida said, how come the conference call was not on the firm's calendar?

- I have no idea when something comes in on a case I am working on. One time, in Puga, Aida cc'd me on an email. I simply responded "Thank You." Her flame-mail response was "when I cc you on an email, I do not need or expect a response"
- You told me to assemble a witness list in Puga and put witnesses under categories such as "liability" "friendly"… When I was doing what you told me to do and something that made perfect sense to me, I had a question about one of the key witnesses names. I thought Aida might easily know, so I broke my self-imposed rule of not asking Aida for anything. When I asked her, with your hand-written notes in my hand, Aida said **"What the fuck are you working on a witness list?"** I responded that Ben asked me to. She said I don't know, read the investigator reports.
- I take a ½ lunch. One day, Aida asked me to stay until 5 PM to cover the phones for Pricilla because she was leaving early. I said no problem. I took my normal ½ hour lunch and stayed until 5 PM. The next Monday, Aida reviewed my time sheet and told me when I stay until 5 PM I must take an unpaid 1 hour lunch. This results in my staying a ½ hour longer and not getting paid simply to cover the phones which are dead from 4:30 PM to 5:00 PM anyway.
- On 6/9/22, in minors comp case, there was a 1-year old order to submit proposed order, I asked for a .58 stamp to mail to the court, Aida got upset and said to file electronically because it is quicker and easier. Aida and I both looked at Alameda Court website of approved providers. Aida said to use One Legal. We discussed how expensive, but I did what she told me. Then on 6/23/22, Aida said to me **"why the fuck did you use One Legal? You should have used fax and file."** Later I saw the One Legal bill and it was around $120. It is so disheartening and anxiety producing.
- Aida is critical on how I calendar and what I calendar
- Aida, tells Steve, do not ask Jenna or Ben to buy stamps we have stamps.com. However, Aida will not give me access to stamps.com and it is way faster to simply print an envelope from the address in the letter in MS Word and peel off a Forever Stamp and have the mail out the door. The price of postage is the same.
- Aida does not like the court reporter I use. Then to add insult to injury, I emailed the Depo Notices to Sisters in Law almost a month before the depo in Jonah Saad. Sisters in Law sent the Zoom link to our firm and every attorney on the proof of service the same day. Again, almost a month before the depo. Then on the day of the depo, one of the defense counsel, emailed Aida asking for the Zoom link. Aida said: "Steve, that is why I don't like your court reporter. She does not know to send the Zoom link to the other attorneys." [Show Ben the Sisters in law email]
- 8/10/22. Aida found fault that I set the depo for the San Diego Medical Examiner at 12:30 PM instead of 2 PM. But that was the only time Dr. Schaber was available and I cleared the date and time with Ben when I set it a month and a half prior. Plus I calendared for 12:30 PM with a reminder. Then, Aida found fault that I "initiated" a conversation was talking with Ben when the depo was starting, but Ben "initiated" the conversation to tell me to do the objections to the declarations in *Ben v. Dennis*
- 8/11/22. Aida said why did you schedule Depo's back-to-back in Puga? I didn't. I schedule scheduled Dr. Schaber the ME for 8/9/22 and defense counsel set co-defendant Jorge the very next day for 8/10/22. Argggg

- 8/12/22. Aida would not take call for Settlement Negotiations because I got our client name wrong. Aida told me to look up our client files before transferring. Spent wasted time going back and forth when she could have simply had me transfer the call.
- 8/22/22. Aida asked "Why are you going to Puga site inspection? I am going to talk with Ben about that." I responded Ben told me to go and I am most qualified to go.
- 8/22/22. Steve covered phones from 12:00 PM to 1:00 PM while Priscilla was at lunch like he always does. Pricilla came back at 1:00 PM like she always does. Steve went to the bathroom at 1:03 PM during his lunch break. When Steve came back into the office a few minutes later, Aida again found erroneous fault when Aida said to Steve: "Steve, when Priscilla is at lunch you need to cover the phones and don't leave the office."
- 8/29/22. Steve was never informed that in Clayton Houser the Request for Entry of Default was rejected by court on 7/26/22.
- When I ask Ben a clarifying questions, either in person or text, Ben gives me great feedback. Aida does not. She gets mad and acts like I am wasting her time.
- 
- 
- Aida is critical on what I do and tells me I am wasting money, but yet she spends 2-3 hours a day on personal calls and texts
- Aida is critical on what I do and tells me I am wasting money, but yet she will take naps during the day on the couch she pulled into the conference room

I am on pins and needles around Aida's wrath.

Aida is a cancer. **She will keep running off talented people,** like me. With Aida calling the office shots, your law firm will remain essentially you and her like it has for seven years. To quote Albert Einstein, the definition of insanity is to keep doing the same thing and expecting a different result.

# Steve has repeatedly told Ben and Jenna there is a problem and both Ben and Jenna have assured Steve it will be address and fixed. But nothing has happened.

- **On July 10, 2022, Ben says wait until October when we get into the new office on the ninth floor. Aida will then be too busy to hassle you;**

- **On August 12, 2022, Jenna took Steve to lunch on a Friday and after Steve told Jenna about the Aida challenges, only because Jenna asked, Jenna said I am so sorry and we will fix it Monday (August 15, 2022);**
- **On August 24, 2022, Jenna called Steve on his cell phone to inquire about Aida. Jenna said I am so sorry and we will fix it;**
- **On August 24, 2022, I responded to Jenna's text and stated "I have much input I want to give you and Ben. It is completely workable." Jenna responded "We will listen;"**
- **On August 25, 2022, when Steve responded to Jenna's text and stated Aida and I do not talk, Jenna texted "We will figure out a solution;"**
- **On August 29, 2022, Jenna told Steve Ben will be in tomorrow and will meet with you regarding your review and Aida.**

**However, neither Ben or Jenna fixed even though Steve repeatedly told them there was a problem.**

**It was not an Aida goes or I go, but things needed to change.** However, during our meeting on August 31, 2022, you refused to make any changes. Therefore, **I am forced to resign from the Law Offices of Benjamin Arsenian, P.C. effective immediately.**

Regretfully and Respectfully submitted,

*Steve Finnel*

# Attachment # 3

to

**Motion and Affidavit for Permission to Proceed in Forma Pauperis**

**Other Assets**

Perhaps a small inheritance from Steven Zinnel's mom's death in 2016 consisting essentially of Steven Zinnel's mom's TD Ameritrade IRA. However, in the Criminal Case, the government claims essentially all of Zinnel's portion of inheritance consisting essentially of Zinnel's mom's TD Ameritrade IRA must be applied to the Court-Ordered Restitution & Fine of $3,014,294 or $1,162,047.08.

# Attachment # 4

## to

## Motion and Affidavit for Permission to Proceed in Forma Pauperis

**Potential in changes in monthly income during the next 12 months**

As of August 31, 2022, Steven Zinnel is unemployed. Zinnel is looking for a job. However, Steven Zinnel and the Court must consider the following as to Zinnel's employment prospects:

- **Zinnel is a convicted felon** with fraud and money laundering convictions;
- **Zinnel was incarcerated** in Federal Custody for **8 years, 11 months** from July 16, 2013 through June 9, 2022.;
- In the Federal Criminal Case, the federal government took all of Zinnel's assets including Zinnel's family home located at 11966 Old Eureka Way, Gold River, CA 95670;
- In the Federal Criminal Case, the federal government seized all of Zinnel's bank accounts;
- In the Criminal Case, the Court ordered that Zinnel pay a $1,500.00 statutory assessment and a $500,000.00 fine and $2,513,319.00 in restitution;
- On April 2, 2021, the federal government initiated a Garnishment proceeding wherein the United States of America claimed **Zinnel still owes $3,014,294.00** as of March 24, 2021;
- As of September 8, 2022, Zinnel has $145 in his personal bank account;
- On August 31, 2022, Zinnel was forced to resign from his job as a paralegal and **Zinnel is currently unemployed**;
- Zinnel does not even own a car;
- **Zinnel is 58 years old and is at Retirement Age** as he was born on 12/31/1963;
- Because of the Criminal fraud conviction and resulting almost nine years of incarceration, Zinnel lost all of his professional licenses including three (3) California State Contracting licenses, a real estate brokers license, and an auto dealer license;
- Recently, Zinnel, at 58 years old, fell off a ladder and severely injured his right shoulder resulting in a **traumatic rotator cuff tear**, which requires surgery on October 31, 2022;

# Steven Zinnel is insolvent

# Attachment # 5

to

**Motion and Affidavit for Permission to Proceed in Forma Pauperis**

**The Ninth Circuit previously issued an order that Appellant may proceed in forma pauperis on appeal without further authorization**

On November 15, 2021, in the appeal entitled *United States of America v. Steven Zinnel*, C.A. #21-10321, Appellate Commissioner Lisa B. Fitzgerald issued an order stating in relevant part:

> *The district court found appellant financially eligible for appointed counsel and has not revoked that status.* ***Appellant, therefore, may proceed in forma pauperis on appeal without further authorization****, and his pro se request to proceed in forma pauperis, contained in the notice of appeal, is unnecessary.* [emphasis added]
>
> [see ECF #2 in C.A. #21-10321 – Order Attached]

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10321 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00234-TLN-1 Eastern District of California, Sacramento |
| v. | |
| STEVEN ZINNEL, | ORDER |
| Defendant-Appellant. | |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

The district court found appellant financially eligible for appointed counsel and has not revoked that status. Appellant, therefore, may proceed in forma pauperis on appeal without further authorization, and his pro se request to proceed in forma pauperis, contained in the notice of appeal, is unnecessary. *See* Fed. R. App. P. 24(a)(3). The Clerk will amend the docket to reflect that appellant is proceeding in forma pauperis.

Appellant's pro se motion to appoint counsel, also contained in the notice of appeal, is granted. The court relieves Michael Tanaka, Esq., as counsel for appellant. New counsel will be appointed by separate order.

The Clerk will electronically serve this order on the appointing authority for the Eastern District of California, who will locate appointed counsel. The appointing authority is requested to send notification of the name, address, and

telephone number of appointed counsel to the Clerk of this court at counselappointments@ca9.uscourts.gov within 14 days of locating counsel.

Appellant must designate the reporter's transcript by December 15, 2021. The transcript is due January 14, 2022. The opening brief and excerpts of record are due February 23, 2022; the answering brief is due March 25, 2022; and the optional reply brief is due within 21 days after service of the answering brief.

The Clerk will serve this order on former counsel and appellant individually: Reg. No. 66138-097, FCI Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.