STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 92656

E. firsthalfsteve@gmail.com

Appellant In Pro Se

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 16 2023

FILED_____
DOCKETED_____
　　　　　　　DATE　　　　INITIAL

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Appellee and Plaintiff,<br><br>　v.<br><br>STEVEN ZINNEL,<br><br>　　　Appellant and Defendant.<br><br>─────────────────────<br><br>TD AMERITRADE CLEARING, INC.,<br><br>Appellee and Garnishee. | C.A. Case No. 22-16128<br><br>D.C. Case No.: 2:21-mc-00098-TLN-AC<br><br><br>**APPELLANT STEVEN ZINNEL'S OPPOSITION TO JENNIFER ZINNEL'S MOTION FOR SUBSTITUTION OR OTHER APPROPRIATE RELIEF [DKT #12] AND MOTION TO DISMISS AND/OR STRIKE DECEDENT DAVID ZINNEL AND HIS SURVIVING SPOUSE JENNIFER ZINNEL AS APPELLEES IN THIS APPEAL** |

　　　　Appellant Steven Zinnel (hereinafter "Zinnel" or "Appellant") hereby Opposes Jennifer Zinnel's Motion for Substitution or Other Appropriate Relief [Dkt #12] and moves to dismiss and/or strike Decedent David Zinnel and his surviving spouse Jennifer Zinnel as appellees in this appeal:

///

///

///

///

---

Appellant Steven Zinnel's Opposition to Jennifer Zinnel's Motion For Substitution or Other Appropriate Relief and Motion to dismiss decedent David Zinnel and his surviving spouse Jennifer Zinnel as Appellees in this appeal

- 1 -

## 1. **INTRODUCTION**

Appellant opposes Jennifer Zinnel's Motion, made by her attorney K. Greg Peterson, for many compelling reasons. <u>First</u> neither decedent David Zinnel nor his surviving spouse Jennifer Zinnel have ever been parties to the underlying district court action and thus ARE NOT proper Appellees on appeal. <u>Second</u>, David Zinnel voluntarily dismissed his third-party claim, thus he is no longer a Claimant, which also denies decedent David Zinnel and his surviving spouse Jennifer Zinnel of standing in this appeal. <u>Third</u>, decedent David Zinnel and his surviving spouse Jennifer Zinnel's request to stay briefing in this appeal until after August 30, 2023 is unwarranted and unreasonable, especially given their lack of appellate standing. <u>Fourth</u>, the May 8, 2023 filing clearly exceeds the Court's April 10, 2023 order which limited Decedent David Zinnel's response to the confines of *Federal Rules of Appellate Procedure*, Rule 43 regarding Substitution of Parties. <u>Fifth</u>, counsel for Decedent willfully misleads this Court when he writes *The only matters Steven Zinnel has given any indication of his intention to appeal relate to 'jurisdiction and venue'* and *the moving party contends they cannot be unwound by Steven Zinnel after the fact given Steven Zinnel's knowingly and voluntarily settlement with the United States of American* [sic] *and David Zinnel.* (Motion at pg. 7). This representation by K. Greg Peterson, who is an officer of the court and bound by California *Business and Professions Code* §6068, is false. The Government attorney Lynn Trinka Ernce, Jennifer Zinnel, and her attorney K. Greg Peterson have clearly known since October 28, 2022 what Zinnel's Issues on Appeal are. (see Dkt #8, pg. 8 and Exhibit C attached hereto.) Thus, Appellant's appeal is clearly not moot. It is noteworthy that that after this Court reviewed Appellant's October 28, 2022 filing, which contained the Issues on Appeal, this Court allowed this appeal to move forward. (see ECF# 9).

///

///

///

///

**2. CITATIONS IN THIS OPPOSITION**

On a clarification matter, as this Opposition cites court-filings in other cases filed in the United States District Court, Eastern District of California, (Sacramento) and the Superior Court of California, County of Sacramento, Zinnel will refer to court-filings in the cases:

- *United States v. Steven Zinnel*, U.S.D.C. ED CA Case No. 2:11-cr-00234-TLN as "**Criminal Case**;"

- *United States v. Steven Zinnel / TD Ameritrade*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC as "**Misc. Case #1**;"

- *United States v. Steven Zinnel / David Zinnel, Castana Trust,* U.S.D.C. ED CA Case No. 2:21-mc-00143-TLN-AC as "**Misc. Case #2**;"

- *In The Matter of The Castana Trust Dated March 4, 2009*, Superior Court of California, County of Sacramento Case No. 34-2016-00200990-PR-TR-FRC as "**Probate Case**."

Further, **all references to Transcript** are to the Transcript of Proceedings of the Settlement Conference held on June 3, 2022, before the Hon. Kendall J. Newman, Chief Magistrate Judge in this matter and as transcribed Thresha Spencer, CSR (Misc. Case #1, ECF #134 and Jennifer Zinnel's Motion, Dkt #12, Exhibit 2).

**3. NEITHER DECEDENT DAVID ZINNEL NOR HIS SURVIVING SPOUSE JENNIFER ZINNEL HAVE STANDING TO BRING THIS MOTION BECAUSE THEY ARE NOT PARTIES TO THE UNDERLYING ACTION OR THIS APPEAL**

When the underlying Garnishment case was filed in the District Court, Plaintiff and Appellee United States of America named Steven Zinnel as the Defendant and TD Ameritrade Clearing, Inc. as the Garnishee. David Zinnel is not captioned as a party. Attached hereto as Exhibit A is a true and correct copy of Plaintiff and Appellee United States of America's Application for Writ of Continuing Garnishment that initiated the underlying District Court case.

---

Appellant Steven Zinnel's Opposition to Jennifer Zinnel's Motion For Substitution or Other Appropriate Relief and Motion to dismiss decedent David Zinnel and his surviving spouse Jennifer Zinnel as Appellees in this appeal

- 3 -

1   David Zinnel, for a period of time, was a Claimant in Misc. Case #1. However, as attorney

2   K. Greg Peterson properly represents to this Court, *David Zinnel has released his Third Party Claim.*

3   (see Motion, Dkt #12, pg. 4 and Exhibit B attached hereto.) Further, The Supreme Court has defined

4   a party as "A 'party' is defined as 'one by' or against whom a lawsuit is brought.'" *Smith v. Bayer*

5   *Corp.* , 564 U.S. 299, 313 ( 2011). In this case, the one who brought the lawsuit is the United States

6   of America who is the captioned Plaintiff and the lawsuit is against Steven Zinnel who is the

7   captioned defendant. TD Ameritrade Clearing, Inc. is captioned by the Government as the

8   Garnishee. (see Exhibit A attached hereto). David Zinnel's name appears nowhere in the caption of

9   the underlying District Court case. (see Exhibit A attached hereto).  Decedent David Zinnel is a

10  non-party with no standing in this appeal because he was never a party to the underlying District

11  Court case (Misc. Case #1) and on June 6, 2022, David Zinnel released his Third Party Claim. (see

12  Motion, Dkt #12, pg. 4 and Exhibit B attached hereto.)

13  However, for some unknown reason, the Ninth Circuit Court of Appeals has captioned this

14  case as David Zinnel as an appellee, but not TD Ameritrade Clearing, Inc. Thus, Appellant Zinnel

15  moves this Court to change the caption to Substitute TD Ameritrade Clearing, Inc. as an Appellee

16  and Remove David Zinnel as an Appellee. Further, Appellant moves this Court for an order to

17  prevent attorney K. Greg Peterson from making any further filings in this pending appeal on behalf

18  of Decedent David Zinnel, surviving spouse Jennifer Zinnel, or the Castana Trust.

19

20

21  ## 4. ATTORNEY K. GREG PETERSON'S REQUEST TO DELAY THIS APPEAL TO

22  ## AUGUST 30, 2023 IS UNWARRANTED AND UNREASONABLE, ESPECIALLY

23  ## GIVEN JENNIFER ZINNEL'S LACK OF APPELLATE STANDING

24

25  This appeal has been pending for almost a year. Now, attorney K. Greg Peterson, who

26  represents clients without standing in this appeal, requests that this appeal is delayed for another

27  four (4) months until August 30, 2023. (see Motion, Dkt #12, pg. 7).

28

---

Appellant Steven Zinnel's Opposition to Jennifer Zinnel's Motion For Substitution or Other Appropriate Relief and Motion to dismiss decedent David Zinnel and his surviving spouse Jennifer Zinnel as Appellees in this appeal

- 4 -

1   The requested delay is unwarranted and unreasonable, even if Jennifer Zinnel had standing

2   which she does not.

3   In his May 8, 2023 filing in this pending appeal. Attorney K. Greg Peterson represents to

4   this Court that he is the *attorney for JENNIFER ZINNEL, personal representative of Appellee*

5   *DAVID ZINNEL.* (see Dkt #12, pg. 1). Thus, if Jennifer Zinnel actually had standing in this appeal,

6   which she does not, her attorney K. Greg Peterson could participate in this year-old appeal now as

7   he has demonstrated he can with his voluminous filing on May 8, 2023 (see Dkt #12). There, is no

8   reason or grounds to delay briefing in this almost year-old appeal until after August 30, 2023.

9

10  ## 5. **ATTORNEY K. GREG PETERSON'S MOTION ON BEHALF OF NON-PARTY**

11  **JENNIFER ZINNEL EXCEEDS THE SCOPE OF THIS COURT'S APRIL 10, 2023**

12  **ORDER AND CONTAINS IRRELEVANT OPINIONS CONTRARY TO LAW**

13

14  On April 10, 2023, this Court made a simple order stating in its entirety as follows:

15

16  *Appellant's motion for an order to show cause (Docket Entry No. 10) is*
    *treated as a notice of appellee David Zinnel 's death. Within 35 days of this order,*

17  *appellee David Zinnel's personal representative must file a motion for substitution*
    *or other appropriate relief. See Fed. R. App. P. 43(a)(l).*

18

19  *Briefing is suspended pending further order of the court.*

20  (see Dkt. #11)

21

22  *Federal Rules of Appellate Procedure*, Rule 43 concerns Substitution of Parties states in

23  relevant part:

24  *(a) Death of a Party.*

25  *(1) After Notice of Appeal Is Filed. If a party dies after a notice of appeal has been filed or*

26  *while a proceeding is pending in the court of appeals, the decedent's personal representative may*

27  *be substituted as a party on motion filed with the circuit clerk by the representative or by any party.*

28

Appellant Steven Zinnel's Opposition to Jennifer Zinnel's Motion For Substitution or Other Appropriate Relief and
Motion to dismiss decedent David Zinnel and his surviving spouse Jennifer Zinnel as Appellees in this appeal

- 5 -

However, attorney and officer of the Court K. Greg Peterson, vastly and wrongly exceeded the Court's April 10, 2023 order and *Federal Rules of Appellate Procedure*, Rule 43.

*First*, there is no pending appeal *of the final judgment in Steven Zinnel's criminal case* as represented by attorney K. Greg Peterson in Jennifer Zinnel's motion at Dkt. #12, pg. 2. In aggravation, attorney K. Greg Peterson erroneously represents to this Court *Steven Zinnel's appeal relates to the underlying judgment in the criminal case in which Steven Zinnel takes issue not only with the USA's restitution judgment and criminal penalties assessed against him.* (see Motion, Dkt. #12, pg. 6). This is false. As Appellant's Notice of Appeal clearly reflects, Zinnel is appealing the final judgment in Misc. Case #1; to wit, *United States v. Steven Zinnel / TD Ameritrade*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC. (see Exhibit D attached hereto which is the Order Appealed from). Most egregious, is attorney K. Greg Peterson's exceeding the scope of this Court's April 10, 2023 Order and *Federal Rules of Appellate Procedure*, Rule 43 by erroneously pontificating as to what Appellant Zinnel's Issues on Appeal actually are and erroneously attempting to substitute his judgment in the place of this Court by falsely writing *To the extent that Steven Zinnel's appeal relates to the garnishment case, Jennifer Zinnel contends his appeal is moot for several reasons.* (see Motion, Dkt # 12, pg. 6). As detailed below, attorney K. Greg Peterson, the Government, and this Court has known what Appellant Zinnel's Issues on Appeal are since October 28, 2022 and Appellant Zinnel's appeal is not moot.

6. **ATTORNEY K. GREG PETERSON, THE GOVERNMENT, AND THIS COURT HAS KNOWN SINCE OCTOBER 28, 2022 WHAT APPELLANT ZINNEL'S ISSUES ON APPEAL ARE AND THIS PENDING APPEAL IS NOT MOOT AS THERE IS A REMEDY THIS COURT CAN AND SHOULD FASHION**

Attorney K. Greg Peterson erroneously represents to this Court *Steven Zinnel's appeal relates to the underlying judgment in the criminal case in which Steven Zinnel takes issue not only with the USA's restitution judgment and criminal penalties assessed against him.* (see Motion, Dkt.

Appellant Steven Zinnel's Opposition to Jennifer Zinnel's Motion For Substitution or Other Appropriate Relief and Motion to dismiss decedent David Zinnel and his surviving spouse Jennifer Zinnel as Appellees in this appeal

- 6 -

#12, pg. 6). Further, attorney erroneously represents to this Court *To the extent that Steven Zinnel's appeal relates to the garnishment case, Jennifer Zinnel contends his appeal is moot for several reasons. First, Steven Zinnel has entered into a voluntary and binding settlement with the USA and David Zinnel which settlement essentially forms the basis of the Order from which Steven Zinnel now appeals. Second, Steven Zinnel never requested a stay of execution nor did he file a bond, and the USA has since proceeded to not only levy upon and collect the monies voluntarily agreed to be paid from the IRA account by Steven Zinnel in the settlement, but it is moving party's understanding that those monies have also since been distributed to the third-party victims identified in the original restitution judgement.* (see Motion, Dkt. #12, pg. 6). This is false.

### A. The Settlement Conference Resulted in a **Partial** Settlement Agreement

In this case a complete agreement **was not** reached during the Settlement Conference on June 3, 2022 and the presiding Magistrate Judge acknowledges that Appellant Zinnel and the government are still litigating.

This is reflected in the Transcript when Chief Magistrate Judge Newman stated as follows:

> *The parties have reached an agreement --**not a complete resolution** of this case -- but an agreement on a path forward.* (emphasis added). Transcript 3:10-12

> *Again, **until this entire matter** involving the Ameritrade account **is resolved**.* (emphasis added). Transcript 8:11-12

The agreement reached between the parties at the Settlement Conference on June 3, 2022 was that the Court would have an evidentiary hearing to make a judicial determination, before Zinnel appeals to the Ninth Circuit, as to what amount the District Court believes Zinnel owes in the underlying Criminal Case. (See Transcript).

///

///

///

---

Appellant Steven Zinnel's Opposition to Jennifer Zinnel's Motion For Substitution or Other Appropriate Relief and Motion to dismiss decedent David Zinnel and his surviving spouse Jennifer Zinnel as Appellees in this appeal

- 7 -

B. <u>There is no evidence that any restitution recipient has received any money in the underlying Criminal Case, but that is a red herring because even if the restitution recipients were paid in full and the fine was fully satisfied, the Government is unlawfully holding $1,297,357.22 that this Court should order returned to Appellant Zinnel thus there is an issue of controversy and this Court can fashion a remedy</u>

The Second Amended Judgment ordered Zinnel to pay a Special Penalty Assessment of $1,500, Victim Restitution of $2,513,319, and the statutory maximum fine of $500,000. (Criminal Case, ECF #653). The total ordered is thus $3,014,819. A U.S. Courts Case Inquiry printed on 1/11/21 that reflects the Total Ordered was $3,014,819. (Misc. Case #1, ECF #84, pg. 21). U.S. Courts Case Inquiry  printout details a "balance" of $3,014,819 **because the government refuses to deposit the marshalled $3,150,129.14 that the government has been sitting on for almost a decade with the Court leaving $ 135,310.14 to be returned to Steve Zinnel**. The printout reflects that since Zinnel has been incarcerated for almost nine (9) years now, the Bureau of Prisons has collected $25 from Zinnel as of 1/11/21, through the Inmate Financial Responsibility Program pursuant to the operative judgment. (Misc. Case #1, ECF #84, pg. 21).

Neither attorneys K. Greg Peterson nor Government attorney Lynn Trinka Ernce have ever produced any evidence that the Government has ever used a single penny of the over $4 million dollars the Government has taken from Zinnel and others to pay any restitution recipients nor has the Government ever provided an accounting which was an issue at the Settlement Conference held on June 3, 2022.  (see Transcript).

Here is the proper accounting: funds with U.S. Attorney's Office the Court ordered in judgment Amount Plaintiff has over-collected Zinnel addressed getting the victims paid at his resentencing on May 3 & 6, 2019

///

///

$3,150,129.14 (amount government had marshalled from Zinnel when it filed Garnishment)

-$3,014,819.00 ($2,513,319 + fine of $500,000 + $1,500 = $3,014,819_

**$ 135,310.14 (the amount the government owes Zinnel)**

Plus, the government received an additional $1,012,047.08 from the District Court's order to TD Ameritrade plus an erroneous additional $150,000 litigation surcharge. (see Exhibit D attached).

Therefore, after all restitution recipients are paid in full, the fine is paid in full, and the special assessment is paid in full, **the Government has over-collected $1,297,357.22** which is the amount at issue in this pending appeal. The money is sitting in Appellee United States of America coffers and this is a real dispute in this pending appeal and thus this Appeal is not moot. On appeal, Appellant Zinnel is requesting that this Court order the Government to return the **$1,297,357.22** the government currently has in its coffers to Appellant Zinnel.

C. <u>Attorney K. Greg Peterson, the Government attorneys, and this Court have known since October 28, 2022 what Appellant Zinnel's Issues on Appeal are</u>

Attorney K. Greg Peterson misrepresents to this Court what Appellant Zinnel's Issues on Appeal are when he writes:

*The only matters Steven Zinnel has given any indication of his intention to appeal relate to "jurisdiction and venue" apparently relating to the USA's original garnishment action.* (see Motion, Dkt #12, pg 7),

This is a blatant misrepresentation by attorney and officer of the court K. Greg Peterson. In fact, on October 28, 2022, seven (7) months ago, Appellant Zinnel made a Court filing in this appeal wherein he informed attorney K. Greg Peterson, Government attorney Lynn Trinka Ernce, and this Court what Appellant Zinnel's Issues on Appeal are. (see Dkt. # 8, pg. 8 and Exhibit C attached hereto.) Appellant Zinnel's Issues on Appeal are:

1) The district court erred when it did not hold an evidentiary hearing as required by 28 U.S.C. § 3205(c)(5) when Steven Zinnel timely requested the evidentiary hearing wherein he explained, with proof, in great deal that he not owe any of the $3,014,294.00 claimed owed by the government in the underlying "Criminal Case" and in fact the government had actually over-collected $135,310.14 that should be returned and Zinnel claimed exemptions;

2) The district court erred when it issued its Order Adopting Findings and Recommendations for Final Order of Garnishment on July 18, 2022 ordering garnishee TD Ameritrade Clearing, Inc. to pay the Clerk of the United States District Court $1,012,047.08 and the United States of America $150,000.00 for a combined total of $1,162,047.08, when none of the money was owed by Steven Zinnel in the underlying "Criminal Case" which is the disposition order directing release of the garnished funds that is on appeal in the case;

3) The district court erred when it did not transfer the actions and proceedings to the Federal Judicial District of Oregon because Plaintiff had forced Zinnel to live incarcerated in Sheridan, Oregon when Zinnel timely requested the transfer under 28 U.S.C. 3004(b)(2) and under the statute and decisional law, transfer of the garnishment proceeding was mandatory;

4) The district court erred when it erroneously awarded the United States of America a $150,000.00 litigation surcharge under 28 U.S.C. § 3011(a);

5) The district court erred when it did not conduct further proceedings for the United States of America and Steven Zinnel to litigate as agreed in the June 3, 2022 Settlement Conference before United States Chief Magistrate Judge Kendall J. Newman;

6) The district court erred when it failed to rule on Zinnel's Motion to Vacate the Reference of this case to a magistrate judge under 28 U.S.C. 636(c)(4) and Fed.R.Civ.P. 73(b)(3).

Appellant Steven Zinnel reserves the right to add to the above issues on appeal when researching and drafting Appellant's Opening Brief.

Evidently, this Court viewed Appellant's Zinnel Issues on Appeal had merit when the Court GRANTED Zinnel's Motion. (see Dkt. #9).

Respectfully submitted,

_____

Steven Zinnel, Defendant and Appellant In Pro Se                    Dated: May 13, 2023

# EXHIBIT A

Case 2:21-mc-00098-TLN-AC   Document 1   Filed 04/02/21   Page 1 of 3

1  PHILLIP A. TALBERT
   Acting United States Attorney
2  LYNN TRINKA ERNCE
   KURT A. DIDIER
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5

6  Attorneys for the United States of America

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                Case No.:

12              Plaintiff,                    APPLICATION FOR WRIT OF CONTINUING
                                             GARNISHMENT (BANK, IRA, STOCKS OR
13              v.                            BROKERAGE ACCOUNTS)

14  STEVEN ZINNEL,                           Criminal Case No.:  2:11-cr-00234-TLN

15          Defendant and Judgment Debtor.

16  TD AMERITRADE CLEARING, INC.,
    (and its Successors and Assignees)
17

18          Garnishee.

19

20          The United States submits this Application for Continuing Writ of Garnishment for the issuance

21  of the Writ of Continuing Garnishment and Clerk's Notice and Instructions to Judgment Debtor. These

22  documents are being filed pursuant to 28 U.S.C. § 3004(c), which permits the United States to serve

23  documents effecting a post-judgment remedy on a debtor "[a]t such time as counsel for the United States

24  deems appropriate, but not later than the time a pre-judgment or post-judgment remedy is put into effect

25  under this chapter. . . ."

26          The United States, in accordance with the Federal Debt Collection Procedures Act of 1990

27  ("FDCPA"), 28 U.S.C. § 3205(b)(1), requests that the Clerk of the United States District Court issue a

28  Writ of Continuing Garnishment (Bank, IRA, Stocks or Brokerage Accounts), against any and all

APPLICATION FOR WRIT OF CONTINUING GARNISHMENT                    1

1  property or accounts identified below, in which defendant Steven Zinnel (also known as "Defendant" and
2  "Judgment Debtor") has an interest. Upon information and belief, Zinnel has an interest in a bank, IRA,
3  stock or brokerage account(s) and property as defined in 28 U.S.C. § 3002(12), that are in the possession,
4  custody, or control of TD Ameritrade Clearing, Inc.

5       On March 4, 2014, Zinnel was sentenced in case number 2:11-cr-00234-TLN and ordered to pay
6  a $1,500.00 statutory assessment and a $500,000.00 fine and on May 30, 2014, he was ordered to pay
7  $2,513,319.00 in restitution (the Judgment Amount). Zinnel has paid a portion of the Judgment Amount,
8  but still owes $3,014,294.00 as of March 24, 2021. And, despite the United States' demand for payment,
9  made more than 30 days before the date of this application, Zinnel has failed to satisfy the debt in full. In
10  addition to the unpaid judgment balance, the United States seeks to recover a litigation surcharge of ten
11  percent (10%) of the amount of the debt ($301,429.40) pursuant to 28 U.S.C. § 3011(a). The total
12  amount sought by this garnishment action is thus $3,315,723.40. No interest accrues on this debt.

13       Zinnel's social security number is ***-**-9073.[1] His last known address is Sheridan Federal
14  Correctional Institution, Post Office Box 5000, Sheridan, OR  97378.

15       When the Court sentenced Zinnel and ordered him to pay restitution, a lien arose in favor of the
16  United States on all property and rights to property as if his liability "were a liability for a tax assessed
17  under the Internal Revenue Code of 1986," pursuant to 18 U.S.C. § 3613(c).

18       Garnishee, TD Ameritrade Clearing Inc.'s, (the Garnishee) location for service of legal process is
19  Incorporating Service, LTD., 7801 Folsom Blvd., #202, Sacramento, CA  95826. The Garnishee has in
20  its possession, custody or control, property, or accounts in which Zinnel has an interest. This includes,
21  but is not limited to any and all bank, IRAs, stocks, brokerage, individual, joint, and/or
22  commercial/business savings and checking accounts in which they have signatory rights (including any
23  remaining overdraft protection balances and lines of credit), certificates of deposit, safety deposit
24  accounts, lock boxes, money market accounts, pledged securities, notes and all other property as defined
25  by 28 U.S.C. § 3002(12).

26  ///

27

28       [1] This information has been redacted in compliance with Fed. R. Civ. P. 5.2.

1    Accordingly, the United States respectfully requests that the Clerk issue a Writ of Continuing

2  Garnishment (Bank, IRA, Stocks or Brokerage Accounts) against Zinnel's property interest in property

3  and account(s), which are in the custody and/or control of the Garnishee. Any and all monies received

4  from said account(s). shall be applied towards the restitution, fine, interest, and surcharge, if applicable,

5  owed by Zinnel.

6  Dated: April 2, 2021                                       PHILLIP A. TALBERT
                                                             Acting United States Attorney
7

8                                                     By:  /s/ *Lynn Trinka Ernce*
                                                          LYNN TRINKA ERNCE
9                                                          Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR WRIT OF CONTINUING GARNISHMENT                    3

# EXHIBIT B

Case 2:21-mc-00098-TLN-AC   Document 131   Filed 06/06/22   Page 1 of 3

1  K. Greg Peterson, Esq. (SBN: 118287)
   K. GREG PETERSON, a Professional Law Corporation
2  455 Capitol Mall, Suite 325
3  Sacramento, California 95814
   Telephone:   (916) 443-3010
4  Facsimile:   (916) 492-2680
   Email:       greg@kgregpeterson.com
5
   Attorney for Third-Party Claimant DAVID ZINNEL
6

7

8                 IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA            )  Case No.: 2:21-mc-00098 TLN AC
                                        )
11            Plaintiff,                )  **NOTICE OF DISMISSAL OF THIRD
                                        )  PARTY CLAIM**
12                                      )
    v.                                  )  Case No.: 2:21-mc-00143-TLN-AC
13                                      )  (Related Case)
    STEVEN ZINNEL                       )
14                                      )
           Defendant and Judgment Debtor. )
15                                      )
16  ─────────────────────────────       )
                                        )
17  DAVID ZINNEL, SUCCESSOR             )
    TRUSTEE OF THE CASTANA TRUST,       )
18  DATED MARCH 4, 2009,                )
                                        )
19         Garnishee.                   )
                                        )
20  ─────────────────────────────

21

22         NOTICE IS HEREBY GIVEN that pursuant to the terms of that certain settlement

23  agreed to on the record by and between Plaintiff UNITED STATES OF AMERICA,

24  Defendant STEVEN ZINNEL, and Third-Party Claimant DAVID ZINNEL in the within

25  action, on or about June 3, 2022, David Zinnel hereby dismisses any claim or assertion

26  to entitlement to the proceeds of the TD Ameritrade IRA account (*0613).

27  / / /

28  / / /



                                -1-
                 NOTICE OF DISMISSAL OF THIRD -PARTY CLAIM

1

Dated: June 6, 2022

K. GREG PETERSON, a Professional
Law Corporation

2

3

By:_____

4

K. Greg Peterson, Esq.
Attorney for Third-Party Claimant
DAVID ZINNEL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



-2-

# EXHIBIT C

# Attachment # 1

to

## Motion and Affidavit for Permission to Proceed in Forma Pauperis

### Contemplated Issues on Appeal in this Garnishment Appeal

1) The district court erred when it did not hold an evidentiary hearing as required by 28 U.S.C. § 3205(c)(5) when Steven Zinnel timely requested the evidentiary hearing wherein he explained, with proof, in great deal that he not owe any of the $3,014,294.00 claimed owed by the government in the underlying "Criminal Case" and in fact the government had actually over-collected $135,310.14 that should be returned and Zinnel claimed exemptions;

2) The district court erred when it issued its Order Adopting Findings and Recommendations for Final Order of Garnishment on July 18, 2022 ordering garnishee TD Ameritrade Clearing, Inc. to pay the Clerk of the United States District Court $1,012,047.08 and the United States of America $150,000.00 for a combined total of $1,162,047.08, when none of the money was owed by Steven Zinnel in the underlying "Criminal Case" which is the disposition order directing release of the garnished funds that is on appeal in the case;

3) The district court erred when it did not transfer the actions and proceedings to the Federal Judicial District of Oregon because Plaintiff had forced Zinnel to live incarcerated in Sheridan, Oregon when Zinnel timely requested the transfer under 28 U.S.C. 3004(b)(2) and under the statute and decisional law, transfer of the garnishment proceeding was mandatory;

4) The district court erred when it erroneously awarded the United States of America a $150,000.00 litigation surcharge under 28 U.S.C. § 3011(a);

5) The district court erred when it did not conduct further proceedings for the United States of America and Steven Zinnel to litigate as agreed in the June 3, 2022 Settlement Conference before United States Chief Magistrate Judge Kendall J. Newman;

6) The district court erred when it failed to rule on Zinnel's Motion to Vacate the Reference of this case to a magistrate judge under 28 U.S.C. 636(c)(4) and Fed.R.Civ.P. 73(b)(3).

Appellant Steven Zinnel reserves the right to add to the above issues on appeal when researching and drafting Appellant's Opening Brief.

# EXHIBIT D

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              Case No. 2:21-mc-00098-TLN-AC

12              Plaintiff,                   **ORDER ADOPTING FINDINGS AND**
                                             **RECOMMENDATIONS FOR FINAL**
13         v.                                **ORDER OF GARNISHMENT**

14   STEVEN ZINNEL,                          Criminal Case No. 2:11-cr-00234-TLN

15              Debtor.

16   _____

17   TD AMERITRADE CLEARING, INC.,
     (and its Successors and Assignees)
18

19              Garnishee.

20   _____

21        Defendant-debtor Steven Zinnel ("Defendant") proceeds in this action pro se.  The matter was

22   referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

23        On June 13, 2022, the magistrate judge filed findings and recommendations for a final order of

24   garnishment herein which were served on the parties and which contained notice to the parties that any

25   objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 137.)

26   Defendant filed objections to the findings and recommendations on June 30, 2022.  (ECF No. 138.)  On

27   July 11, 2022, the United States filed a response to Defendant's objections.  (ECF No. 147.)

28   ///

1    The Court has reviewed the file and concludes that the findings and recommendations are

2  supported by the record and by the magistrate judge's analysis.

3    Accordingly, IT IS HEREBY ORDERED THAT:

4    1.    Defendant's objections (ECF No. 138) are OVERRULED and the Findings and

5  Recommendations for Final Order of Garnishment (ECF No. 137) are ADOPTED IN FULL;

6    2.    TD Ameritrade Clearing, Inc. ("Garnishee") shall pay the Clerk of the United States

7  District Court $1,012,047.08 of the funds held by Garnishee within fifteen (15) days of the filing of this

8  Order.  Payment shall be made in the form of a cashier's check, money order, or company draft, made

9  payable to the "Clerk of the Court", and delivered to:

10                      Office of the Clerk
                         501 1 St., Rm. 4-200
11                      Sacramento, CA 95814

12  The criminal docket number (2:11-cr-00234-TLN) shall be stated on the payment instrument;

13    3.    The United States shall recover a $150,000.00 litigation surcharge pursuant to 28 U.S.C.

14  § 3011(a) and the United States' agreement to reduce its litigation surcharge to $150,000;

15    4.    Garnishee shall pay $150,000.00 to the United States Department of Justice via a single

16  payment within fifteen (15) days of the filing of this Order and send the payment in the form of a

17  cashier's check, money order, or company draft made payable to "United States Department of Justice"

18  and delivered to:

19                      U.S. Department of Justice
                         Nationwide Central Intake Facility
20                      P.O. Box 790363
                         St. Louis, MO 63179-0363
21

22  "CDCS Number 2015A03982" shall be stated on the face of the payment instrument;

23    5.    Garnishee shall hold any remaining funds after full payment of $1,162,047.08 has been

24  made to the Clerk and the United States as set forth in paragraphs 2-4 above, pending further order of

25  the Court;

26    6.    The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the

27  case, if necessary; and

28  ///

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS          2
FOR FINAL ORDER OF GARNISHMENT

7.     The garnishment shall terminate when Garnishee has paid the $1,162,047.08 as directed in paragraphs 2-4 above.

IT IS SO ORDERED.

**DATED:  July 15, 2022**

Troy L. Nunley
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| | |
|---|---|
| Lynn Trinka Ernce<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Email: lynn.trinka.ernce@usdoj.gov<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Email: greg@kgregpeterson.com<br><br>Attorneys for Decedent David Zinnel and his surviving spouse Jennifer Zinnel |
| Christopher Stecher, Esq.<br>Keesel, Young & Logan<br>450 Pacific Avenue #3<br>San Francisco, CA 94133<br><br>Email: christopher.stecher@kyl.com<br><br>Attorneys for TD Ameritrade Clearing, Inc. | Jennifer Zinnel<br>6939 Lisa Marie Way<br>Carmichael, CA 95608 |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

[ ] **BY ELECTRONIC MAIL**: I caused such documents listed above to be transmitted via electronic mail to the e-mail address(es) as above described.

Executed on **May 13, 2023**, at Aliso Viejo, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel

Appellant Steven Zinnel's Opposition to Jennifer Zinnel's Motion For Substitution or Other Appropriate Relief and Motion to dismiss decedent David Zinnel and his surviving spouse Jennifer Zinnel as Appellees in this appeal

Steve Zinnel
11 Verdin Ln.
Aliso Viejo, CA 92656



May 13, 2023

Office of the Clerk
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re: Court filing in *United States v. Steven Zinnel et. al.*, Case No. 22-16128

To the Filing Clerk:

Please find an Original of the following:

> APPELLANT STEVEN ZINNEL'S OPPOSITION TO JENNIFER ZINNEL'S MOTION
> FOR SUBSTITUTION OR OTHER APPROPRIATE RELIEF [DKT #12] AND
> MOTION TO DISMISS AND/OR STRIKE DECEDENT DAVID ZINNEL AND HIS
> SURVIVING SPOUSE JENNIFER ZINNEL AS APPELLEES IN THIS APPEAL

The documents have been served by mail on the parties and the Certificate of Service is on the last
page of the filing.

Please file the documents.

Thanking you in advance,

Steve Zinnel