IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. Case No. 22-16128 |
| Plaintiff and Appellee, | D.C. Case No.: 2:21-mc-00098-TLN-AC |
| | Eastern District of California, Sacramento |
| v. | |
| MICHAEL BRUMBRAUGH, | |
| Claimant and Appellee, | |
| v. | |
| STEVEN ZINNEL, | |
| Defendant and Appellant. | |

APPELLANT STEVEN ZINNEL'S REPLY TO MICHAEL BRUMBAUGH'S OPPOSITION (DKT NOS. 26 & 27) TO STEVEN ZINNEL'S MOTION TO SUBSTITUTE DAVID ZINNEL'S SURVIVING SPOUSE JENNIFER ZINNEL BACK AS APPELLEE AND REMOVE MICHAEL BRUMBRAUGH AS AN APPELLEE IN THIS APPEAL AND MOTION TO STAY BRIEFING

STEVEN ZINNEL
11Verdin Lane
Aliso Viejo, CA 92656

Appellant In Pro Se

1

Appellant STEVEN ZINNEL ("Zinnel" or "Appellant"), hereby Replies to Michael Brumbaugh's Opposition (Dkt Nos. 26 & 27) to Steven Zinnel's Motion to Substitute David Zinnel's Surviving Spouse Jennifer Zinnel back in as an Appellee and Remove Michael Brumbraugh as an Appellee in this Appeal and Motion To Stay Briefing:

Prior to filing Michael Brumbraugh's Opposition on October 18, 2023, (Dkt Nos. 26 & 27) attorney Kenneth Gregory Peterson knew Appellant was filing Motions for Reconsideration of the two erroneous Sacramento Superior Court Probate Division *ex parte* orders because Appellant notified attorney Kenneth Gregory Peterson and Michael Brumbraugh in writing in a letter emailed to them on October 17, 2023. (see Exhibit 3 attached hereto). Since then, Appellant has timely submitted to the Sacramento Superior Court Probate Division two Motions for Reconsideration seeking to vacate the two *ex parte* orders referenced and attached to Michael Brumbraugh's Opposition. Attached to this Reply, as Exhibits 4 & 5, are copies of both Notice of Motions and Motions to Reconsider both *ex parte* orders.

As contained in the Notice of Motions, attorney Kenneth Gregory Peterson did not provide proper notice of the *ex parte* applications, failed to submit to the Sacramento Superior Court Probate Division a "Declaration" under penalty of perjury explaining of the facts of the case, and why the matter is so urgent it should be heard *ex parte* as required by California *Rules of Court* Rule 3.1202(c) which mandates a supporting declaration of all *ex parte* applications, and most disturbingly,

2

attorney Kenneth Gregory Peterson and Michael Brumbraugh made numerous blatantly misrepresentations and false representations to the Sacramento Superior Court Probate Division in their *ex parte* applications.

California *Code of Civil Procedure* §1008 concerns motions for reconsideration and states in relevant part:

> (a) When an application for an order has been made to a judge, or to a court, and …granted…any party affected by the order may, within **10 days after service upon the party of written notice of entry of the order** and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.
>
> (h) This section applies to all applications for interim orders.

California *Code of Civil Procedure* §1008 provides for reconsideration of court orders. A motion to reconsider is broad in scope and allows any party affected by the order to seek reconsideration and vacation of prior orders. *Morite of Calif. v. Super Ct.* (1993) 19 Cal.App.4th 485, 490.

The Sacramento Superior Court Probate Division filing procedures are that movants submit motions without a hearing date and time, and a staff attorney will review the motion and thereafter notify the court clerk of the date and time of the hearing of any submitted Motion that works with the court's calendar. Thereafter, a deputy clerk will notify the movant of the date and time and file the motion and then the movant can serve the motion, supporting papers, and notice.

As of the date of this Reply, the Sacramento Superior Court Probate Division has not notified Appellant of the date and time of the hearings on Appellant's two Motions for Reconsideration.

Therefore, Appellant requests that this Court delay ruling on Appellant's Motion to Substitute David Zinnel's Surviving Spouse Jennifer Zinnel Back as Appellee and Remove Michael Brumbraugh as an Appellee until the Sacramento Superior Court Probate Division rules on Appellant's Motions for Reconsideration of the *ex parte* orders. In the interim, Appellant requests that this Court stay briefing until after the Sacramento Superior Court Probate Division rules on Appellant's Motions for Reconsideration of the erroneous *ex parte* orders.    Appellant, will file notices with this Court of the Sacramento Superior Court Probate Division rulings.

Respectfully submitted,

Steven Zinnel, Defendant and Appellant In Pro Se          Dated: October 25, 2023

4

# EXHIBIT 3

Steve Zinnel
11 Verdin Ln.
Aliso Viejo, CA  92656

T. 213-547-6456
E. firsthalfsteve@gmail.com

October 17, 2023

Kenneth Gregory Peterson                          <u>Via Email Only</u>
K. Greg Peterson, APC
455 Capitol Mall, Suite 325                        T. 916-443-3010
Sacramento, CA 95814                              E. greg@kgregpeterson.com


Michael Brumbaugh                                 <u>Via Email Only</u>
MBI Consulting Group, Inc.
P.O. Box 3100                                      T. 916-417-8737
Fair Oaks, CA 95628                               E. mike@mbi-re.com

Re:  *In the Matter of: The Castana Trust Dated March 4, 2009*
       Sacramento Superior Court case no. 34-2016-00200990-PR-TR-FRC

   *Estate of David P. Zinnel*
       Sacramento Superior Court case no. 34-2023-00336772

Dear Messrs. Peterson and Brumbaugh:

I am in receipt of the *ex parte* moving papers dated October 11, 2023 in the above referenced cases and the erroneous orders granting both *ex parte* applications filed October 16, 2023.  Based on the blatant misrepresentations  by attorney Kenneth Gregory Peterson in the *ex parte* applications, verified under penalty of perjury by  Michael Brumbaugh, of course I will be filing the following motions:

- Motions for reconsideration of both *ex parte* orders pursuant to California *Code of Civil Procedure* section 1008(a) to reverse both *ex parte* erroneous orders and point out the fraud on the court;

- Motions with the Third District Court of Appeal to stay the *ex parte* orders;

- Motion to remove Michael Brumbaugh as the Successor Trustee of the Castana Trust;

- Motion to remove Michael Brumbaugh as the administrator of the Estate of David P. Zinnel;

**Steven Zinnel**

Kenneth Gregory Peterson
Michael Brumbaugh
October 17, 2023
Page 2

- Motion to compel Michael Brumbaugh, Kenneth Gregory Peterson, and Jennifer Zinnel to produce all the documents I have previously requested many times in writing;

- Motion to compel Michael Brumbaugh, Kenneth Gregory Peterson, and Jennifer Zinnel to provide the address of the commercial yard that has *used vehicles, equipment and other personal property*, pictures of the *used vehicles, equipment and other personal property*, and evidence of ownership of the *used vehicles, equipment and other personal property* by the Estate of David P. Zinnel.

Turning specifically to the Estate of David P. Zinnel, I have been writing David Zinnel and attorney Kenneth Gregory Peterson for a year and a half now, requesting the immediate return of all my property. In the Estate of David P. Zinnel *ex parte* application, both Michael Brumbaugh and Kenneth Gregory Peterson admit I a verified petition that the Estate of David P. Zinnel has my my personal property when they write:

> *There is a commercial yard located in Sacramento County where there are a number of used vehicles, equipment and other personal property that are believed to be property of the Estate. The yard is currently rented at the expense of the Estate and there is no income available to pay the rental expense. It is also not clear that the vehicles, equipment and other personal property are of any unique value and due to the ongoing rental expense they should be liquidated as soon as possible. Marshaling the assets of the Estate is necessary during the pendency of Steven Zinnel's appeal of this Court's August 15, 2023, Order, and this Court should therefore issue appropriate orders allowing Michael Brumbaugh to exercise his powers as administrator in these regards.*

First, the *number of used vehicles, equipment and other personal property that are believed to be property of the Estate* have been sitting there for ten years so there was nothing urgent about selling them right away. More importantly, *the number of used vehicles, equipment and other personal property* ARE NOT part to the Estate of David P. Zinnel. They are my property. Demand is made that the address of the commercial yard is provided to Steven Zinnel forthwith along with pictures of the *used vehicles, equipment and other personal property* forthwith. Also, please provide me all documents that would evidence that *number of used vehicles, equipment and other personal property that are believed to be property of the Estate.*

I the address of the commercial yard, pictures of the *used vehicles, equipment and other personal property*, evidence of ownership by the Estate of David P. Zinnel is not provide to me by Friday October 20, 2023, I will file the aforementioned motion to compel with the Probate Court to compel the requested information.

**Steven Zinnel**

Kenneth Gregory Peterson
Michael Brumbaugh
October 17, 2023
Page 3

Attorney Kenneth Gregory Peterson, Michael Brumbaugh, and Jennifer Zinnel should be mindful of Justice Brandeis' advice in 1933:

> *Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.*

> Justice L. Brandeis, Other People's Money 62 (National Home Library Foundation ed. 1933).

What are Kenneth Gregory Peterson, Michael Brumbaugh, and Jenniffer Zinnel trying to hide?

I trust this letter clearly communicates my position, intended actions, requests, and expectations.

Very truly yours,

*Steve Zinnel*

Steve Zinnel
Co-Beneficiary of the *Castana Trust*
Creditor in the Estate of David P. Zinnel

cc: Jennifer Zinnel via email at hunter916@comcast.net

EXHIBIT 4

STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 9265

T. 213-547-6456
E. firsthalfsteve@gmail.com

Objector and Co-Beneficiary of the Castana Trust dated March 4, 2009 In Pro Per

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| IN THE MATTER OF: | Case No. 34-2016-00200990-PR-TR-FRC |
|---|---|
| THE CASTANA TRUST DATED MARCH 4, 2009 | **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S *EX PARTE* ORDER ISSUED ON OCTOBER 16, 2023 ENTITLED "ORDER EX PARTE APPLICATION FOR ORDERS DIRECTING TRUSTEE"** [*C.C.P.* §1008] |
| | Hearing |
| | Date: _____ |
| | Time: _____ |
| | Dept: 129 |
| | Judge: Hon. John P. Winn |

**TO MICHAEL BRUMBAUGH, JENNIFER ZINNEL, JOSHUA ZINNEL, KATELYNN ZINNEL, AND ATTORNEY KENNETH GREGORY PETERSON:**

1   PLEASE TAKE NOTICE that on the date, time, and department specified above in the
2   caption on page 1, or as soon thereafter, as the matter may be heard in Department 129 of the above-
3   entitled Court located at the William R. Ridgeway Family Relations Courthouse, 3341 Power Inn
4   Road, Sacramento, CA 95826, Objector and Castana Trust Co-Beneficiary Steven Zinnel ("Zinnel")
5   will, and hereby does, move Judge John P. Winn to reconsider the *ex parte* order he made on October
6   16, 2023 entitled "Order *Ex Parte* Application for Orders Directing Trustee" ("*EX PARTE* ORDER")
7   [1] by simply signing Movant's Proposed Order and **thereafter enter a new order DENYING the *ex***
8   ***parte* application of Movant Michael Brumbaugh filed on October 12, 2023 in its entirety**. Said
9   motion will be made pursuant to California *Code of Civil Procedure* §1008 and upon the following
10  compelling grounds:

A.  The motion for reconsideration is brought pursuant to California *Code of Civil Procedure*
    §1008 as there are new facts, different facts, new circumstances, and law to reverse the EX
    PARTE ORDER and point out the fraud on the court committed by Petitioner Michael
    Brumbaugh and his attorney Kenneth Gregory Peterson;

B.  In support of the Application for *Ex Parte* order there was no "Declaration" under penalty of
    perjury explaining of the facts of the case, and why the matter is so urgent it should be heard
    *ex parte* as required by California *Rules of Court* Rule 3.1202(c) which mandates a
    supporting declaration of all *ex parte* applications;

C.  The EX PARTE ORDER denies Zinnel any remedy in his pending appeal of the August 30,
    2023 order appointing Michael Brumbraugh as Successor Trustee of the Castana Trust dated
    March 4, 2009, which Judge John P. Winn authorized on the record, because the damage
    inflicted by Michael Brumbraugh and his attorney Kenneth Gregory Peterson will be done
    by the time the Third District Court of Appeal decided the pending appeal causing great
    prejudice to Steven Zinnel;

---

[1] A true and correct copy of the Order that Zinnel moves to the court to reconsider is attached to the concurrently filed
Index of Exhibits as Exhibit 2.

D. When *ex parte* notice was given to Stven Zinnel by someone from attorney Kenneth Gregory Peterson's law office via telephone on October 11, 2023 at around 10:45 A.M., Steven Zinnel requested the *ex parte* application be emailed to him forthwith. However, by the time Zinnel had to mail his skeletal opposition by Priority Mail on October 11, 2023, Zinnel had never received Movant's *ex parte* application by email thus Zinnel was prevented from fully opposing the *ex parte* application which greatly prejudiced Steven Zinnel;

E. When *ex parte* notice was given to Stven Zinnel by someone from attorney Kenneth Gregory Peterson's law office via telephone on October 11, 2023 at around 10:45 A.M., the name of the case was not provided, the case number was not provided, the name of the court was not provided, nor was the requested relief provided, thus by the time Zinnel had to mail his skeletal opposition by Priority Mail on October 11, 2023, Zinnel had no idea what the case nor what relief was requested and thus Zinnel was prevented from fully opposing the *ex parte* application resulting in Steven Zinnel being greatly prejudiced;

F. It appears that Judge John P. Winn did not consider Steven Zinnel's skeletal opposition to Movant's *ex parte* application and thus he mistakenly thought the *ex parte* application was unopposed;

G. Attorney Kenneth Gregory Peterson and Successor Trustee Michael Brumbraugh blatant misrepresentations to this court in their *ex parte* application filed on October 12, 2023 that Zinnel had no chance to bring to the court's attention before the court simply signed Movant's Proposed Order Ex Parte Application for Orders Directing Trustee;

H. Attorney Kenneth Gregory Peterson and Successor Trustee Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that the Castana Trust dated March 4, 2009 needs to participate in the Ninth Circuit Court of Appeals Case entitled *United States of America v. Steven Zinnel / TD Ameritrade Clearing, Inc.*, Ninth Circuit case #22-16128 ("Federal Appeal") when in fact the Castana Trust was never a party or claimant in the underlying United States District Court case and thus the Castana Trust has no standing in the pending federal appeal. Thus, the Castana Trust has no dog in the fight in the federal

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

garnishment appeal and there is no reason to waste Castana Trust resources participating in the federal appeal;

I. Attorney Kenneth Gregory Peterson and Successor Trustee Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that Steven Zinnel's Issue on Appeal in the pending Ninth Circuit is: *it is believed that through his appeal to the Ninth Circuit Court of Appeals* [Steven Zinnel] *seeks to overturn the settlement* [agreement reached on June 3, 2022 in the United States District Court] when in fact Attorney Kenneth Gregory Peterson has known for over a year that Steven Zinnel is not challenging the June 3, 2022 Settlement Agreement and is actually seeking to enforce the agreements made by the government during the Court-supervised Settlement Conference;

J. Attorney Kenneth Gregory Peterson and Successor Trustee Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that [Zinnel] *has since refused to observe his obligations under the* [June 3, 2022] *settlement agreement;*

K. Attorney Kenneth Gregory Peterson and Successor Trustee Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that the TD Ameritrade IRA titled in Zinnel's deceased mother Ardith Ferris' name is a Castana Trust asset when in fact  during a hearing in this court, in this case, on April 7, 2022, Judge Joginder Dhillon stated that the TD Ameritrade IRA titled in Zinnel's deceased mother Ardith Ferris' name would have to be probated and United States of America's attorney AUSA Lynn Trinka Ernce stated in papers filed in the United States District Court and during the June 3, 2022 Settlement Conference, that the TD Ameritrade IRA titled in Zinnel's deceased mother Ardith Ferris' name was not a Castana Trust asset under the law;

L. There is no reason Jennifer Zinnel cannot continue to collect the rents and pay the mortgage on the two rental properties as she did from the date of former Successor Trustee David P. Zinnel's tragic death on October 14, 2022 through the appointment of Successor Trustee Michael Brumbraugh on August 30, 2023;

M. There is no reason Jennifer Zinnel cannot participate in the Federal Appeal right now as she has previously filed a motion with the Ninth Circuit Court of Appeals to be the appellee;

N. The relief sought in the *ex parte* application affects Steven Zinnel's substantial rights thus a noticed motion was required. (See, *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 207.)

O. The relief sought in the *ex parte* application cannot be pursued on an *ex parte* basis; instead, it must be requested through a properly notice motion. (Weil et al., Civil Proc. Before Trial (Rutter, 2013) ¶ 9:347-49; St. Paul Fire & Marine Ins. Co. v. Sup. Ct (1984) 156 Cal.App.3d 82, 86.)

P. The *ex parte* application did not demonstrate emergency situations where there is not enough time for a standard motion, which typically take about four weeks (16 court days minimum);

Q. Because of the one-sided nature of an *ex parte* application and the obvious due process concerns, the court should have issued an order setting the matter for hearing and giving Steven Zinnel time to receive the *ex parte* application and file a complete opposition;

R. In the alternative, the court should have appointed a temporary trustee pursuant to *Probate Code* §1310(b) if the court had concerns regarding the administration of the Castana Trust.

///
///
///
///
///
///
///
///
///
///
///

1  Pursuant to California *Probate Code* §17201 the names and addresses of each person entitled

2  to notice of this motion are:

| | |
|---|---|
| Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814 | Michael Brumbaugh<br>MBI Consulting Group, Inc.<br>P.O. Box 3100<br>Fair Oaks, CA 95628 |
| Email: greg@kgregpeterson.com | Email: mike@mbi-re.com |
| Alleged attorney for Michael Brumbaugh, the *Estate of David P. Zinnel* and the *Castana Trust dated March 4, 2009* | Alleged Administrator of the *Estate of David P. Zinnel* and the alleged Successor Trustee of the *Castana Trust dated March 4, 2009* |
| Jennifer Zinnel<br>6939 Lisa Marie Way<br>Carmichael, CA 95608 | |
| Spouse of Deceased David P. Zinnel and alleged Beneficiary/Heir | |
| Joshua Zinnel<br>6939 Lisa Marie Way<br>Carmichael, CA 95608 | Katelynn Zinnel<br>6939 Lisa Marie Way<br>Carmichael, CA 95608 |
| Child of Deceased David P. Zinnel and alleged Beneficiary/Heir | Child of Deceased David P. Zinnel and alleged Beneficiary/Heir |

18  This motion is based upon this Notice of Motion and Motion for Reconsideration, the

19  concurrently filed Memorandum of Points and Authorities, the Declaration of Steve K. Zinnel, and

20  the Index of Exhibits, and upon such oral argument as may be presented to the Court at the hearing

21  noticed above.

23  Dated: October 20, 2023

27  Steven Zinnel
   Objector and Co-Beneficiary of the Castana Trust dated March 4, 2009 In Pro Per

1

## **VERIFICATION**

2

I, STEVEN ZINNEL, declare:

3    I have read the foregoing NOTICE OF MOTION AND MOTION FOR

4    RECONSIDERATION OF THE COURT'S EX PARTE ORDER MADE ON OCTOBER 16, 2023

5    ENTITLED "ORDER EX PARTE APPLICATION FOR ORDERS DIRECTING TRUSTEE" and

6    know the contents thereof. I believe that the same are true of my own knowledge. I declare under

7    penalty of perjury under the laws of the state of California that the foregoing is true and correct and

8    that this verification was executed on **October 20, 2023**, at Aliso Viejo, CA.

9

10

11

12

13    Steven Zinnel

14    Objector and Co-Beneficiary of the Castana Trust dated March 4, 2009 In Pro Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1    STEVEN ZINNEL
2    11 Verdin Lane
     Aliso Viejo, CA  9265
3
     T. 213-547-6456
4    E. firsthalfsteve@gmail.com

5

6    Creditor of the Estate of David P. Zinnel In Pro Per

7

8
                 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                        FOR THE COUNTY OF SACRAMENTO
10

11   IN THE MATTER OF:                    Case No. 34-2023-00336772

12
     ESTATE OF DAVID P. ZINNEL           **NOTICE OF MOTION AND MOTION FOR**
13                                        **RECONSIDERATION OF THE COURT'S** *EX*
                                          ***PARTE* ORDER ISSUED ON OCTOBER 16, 2023**
14                                        **ENTITLED "ORDER EX PARTE**
                                          **APPLICATION FOR ORDERS DIRECTING**
15                                        **ADMINISTRATOR"**
                                          **[*C.C.P.* §1008]**
16

17

18
                                          Hearing
19
                                          Date:    _____
20
                                          Time:    _____
21
22                                        Dept:    129

23                                        Judge:   Hon. John P. Winn
24

25

26       **TO   MICHAEL   BRUMBAUGH,   JENNIFER   ZINNEL,   JOSHUA   ZINNEL,**

27   **KATELYNN ZINNEL, AND ATTORNEY KENNETH GREGORY PETERSON:**

28

1    PLEASE TAKE NOTICE that on the date, time, and department specified above in the caption on page 1, or as soon thereafter, as the matter may be heard in Department 129 of the above-entitled Court located at the William R. Ridgeway Family Relations Courthouse, 3341 Power Inn Road, Sacramento, CA 95826, Creditor of the Estate of David P. Zinnel In Pro Per ("Zinnel") will, and hereby does, move Judge John P. Winn to reconsider the *ex parte* order he made on October 16, 2023 entitled "Order *Ex parte* Application for Orders Directing Administrator" ("*EX PARTE ORDER*") [1] by simply signing Movant's Proposed Order and **thereafter enter a new order DENYING the *ex parte* application of Movant Michael Brumbaugh filed on October 12, 2023 in its entirety**. Said motion will be made pursuant to California *Code of Civil Procedure* §1008 and upon the following compelling grounds:

A. The motion for reconsideration is brought pursuant to California *Code of Civil Procedure* §1008 as there are new facts, different facts, new circumstances, and law to reverse the EX PARTE ORDER and point out the fraud on the court committed by Petitioner Michael Brumbaugh and his attorney Kenneth Gregory Peterson;

B. In support of the Application for *Ex parte* order there was no "Declaration" under penalty of perjury explaining of the facts of the case, and why the matter is so urgent it should be heard *ex parte* as required by California *Rules of Court* Rule 3.1202(c) which mandates a supporting declaration of all *ex parte* applications;

C. Attorney Kenneth Gregory Peterson and Michael Brumbaugh blatantly misrepresented to the court in their *ex parte* application that *there is a commercial yard located in Sacramento County where there are a number of used vehicles, equipment and other personal property that are believed to be property of the Estate*. In fact the used vehicles, equipment and other personal property are not part of the Estate of David Zinnel and Steven Zinnel has been trying for over a year now to get back his property.

---

[1] A true and correct copy of the Order that Zinnel moves to the court to reconsider is attached to the concurrently filed Index of Exhibits as Exhibit 2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D. Attorney Kenneth Gregory Peterson and Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that *the vehicles, equipment and other personal property are of any unique value and due to the ongoing rental expense they should be liquidated as soon as possible*. In fact the used vehicles, equipment and other personal property have likely been sitting on the commercial yard located in Sacramento County for around ten (10) years so there is no urgency other than returning the property to Zinnel.

E. The EX PARTE ORDER denies Zinnel any remedy in his pending appeal of the August 15, 2023 order appointing Michael Brumbraugh as the Administrator of the Estate of David Zinnel because the damage inflicted by Michael Brumbraugh and his attorney Kenneth Gregory Peterson will be done by the time the Third District Court of Appeal decided the pending appeal causing great prejudice to Steven Zinnel;

F. When *ex parte* notice was given to Stven Zinnel by someone from attorney Kenneth Gregory Peterson's law office via telephone on October 11, 2023 at around 10:45 A.M., Steven Zinnel requested the *ex parte* application be emailed to him forthwith. However, by the time Zinnel had to mail his skeletal opposition by Priority Mail on October 11, 2023, Zinnel had never received Movant's *ex parte* application by email thus Zinnel was prevented from fully opposing the *ex parte* application which greatly prejudiced Steven Zinnel;

G. When *ex parte* notice was given to Stven Zinnel by someone from attorney Kenneth Gregory Peterson's law office via telephone on October 11, 2023 at around 10:45 A.M., the name of the case was not provided, the case number was not provided, the name of the court was not provided, nor was the requested relief provided, thus by the time Zinnel had to mail his skeletal opposition by Priority Mail on October 11, 2023, Zinnel had no idea what the case nor what relief was requested and thus Zinnel was prevented from fully opposing the *ex parte* application resulting in Steven Zinnel being greatly prejudiced;

H. It appears that Judge John P. Winn did not consider Steven Zinnel's skeletal opposition to Movant's *ex parte* application and thus he mistakenly thought the *ex parte* application was unopposed;

I. Attorney Kenneth Gregory Peterson and Michael Brumbraugh blatant misrepresentations to this court in their *ex parte* application filed on October 12, 2023 that Zinnel had no chance to bring to the court's attention before the court simply signed Movant's Proposed Order Ex parte Application for Orders Directing Administrator;

J. Attorney Kenneth Gregory Peterson and Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that the Estate of David Zinnel needs to participate in the Ninth Circuit Court of Appeals Case entitled *United States of America v. Steven Zinnel / TD Ameritrade Clearing, Inc.*, Ninth Circuit case #22-16128 ("Federal Appeal") when in fact the David Zinnel was never a party in the underlying United States District Court case and David Zinnel dismissed his Third-Party Claim. Thus, the Estate of David Zinnel has no standing in the pending federal appeal. Thus, the Estate of David Zinnel has no dog in the fight in the federal garnishment appeal and there is no reason to waste Estate resources participating in the federal appeal;

K. Attorney Kenneth Gregory Peterson and Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that Steven Zinnel's Issue on Appeal in the pending Ninth Circuit is: *it is believed that through his appeal to the Ninth Circuit Court of Appeals* [Steven Zinnel] *seeks to overturn the settlement* [agreement reached on June 3, 2022 in the United States District Court] when in fact Attorney Kenneth Gregory Peterson has known for over a year that Steven Zinnel is not challenging the June 3, 2022 Settlement Agreement and is actually seeking to enforce the agreements made by the government during the Court-supervised Settlement Conference;

L. Attorney Kenneth Gregory Peterson and Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that [Zinnel] *has since refused to observe his obligations under the* [June 3, 2022] *settlement agreement;*

M. Attorney Kenneth Gregory Peterson and Michael Brumbraugh blatantly misrepresented to the court in their *ex parte* application that the TD Ameritrade IRA titled in Zinnel's deceased

mother Ardith Ferris' name is a Castana Trust asset when in fact during a hearing in this court, in this case, on April 7, 2022, Judge Joginder Dhillon stated that the TD Ameritrade IRA titled in Zinnel's deceased mother Ardith Ferris' name would have to be probated and United States of America's attorney AUSA Lynn Trinka Ernce stated in papers filed in the United States District Court and during the June 3, 2022 Settlement Conference, that the TD Ameritrade IRA titled in Zinnel's deceased mother Ardith Ferris' name was not a Castana Trust asset under the law;

N. There is no reason Jennifer Zinnel cannot participate in the Federal Appeal right now as she has previously filed a motion with the Ninth Circuit Court of Appeals to be the appellee;

O. The relief sought in the *ex parte* application affects Steven Zinnel's substantial rights thus a noticed motion was required. (See, *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 207.)

P. The relief sought in the *ex parte* application cannot be pursued on an *ex parte* basis; instead, it must be requested through a properly notice motion. (Weil et al., Civil Proc. Before Trial (Rutter, 2013) ¶ 9:347-49; *St. Paul Fire & Marine Ins. Co. v. Sup. Ct* (1984) 156 Cal.App.3d 82, 86.)

Q. The *ex parte* application did not demonstrate emergency situations where there is not enough time for a standard motion, which typically take about four weeks (16 court days minimum);

R. Because of the one-sided nature of an *ex parte* application and the obvious due process concerns, the court should have issued an order setting the matter for hearing and giving Steven Zinnel time to receive the *ex parte* application and file a complete opposition;

S. In the alternative, the court should have appointed a temporary special administrator pursuant to *Probate Code* §1310(b) if the court had concerns regarding the administration of the Estate of David Zinnel.

///

///

1    Pursuant to California *Probate Code* §17201 the names and addresses of each person entitled

2    to notice of this motion are:

| Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Email: greg@kgregpeterson.com<br><br>Alleged attorney for Michael Brumbaugh, the *Estate of David P. Zinnel* and the *Castana Trust dated March 4, 2009* | Michael Brumbaugh<br>MBI Consulting Group, Inc.<br>P.O. Box 3100<br>Fair Oaks, CA 95628<br><br>Email: mike@mbi-re.com<br><br>Alleged Administrator of the *Estate of David P. Zinnel* and the alleged Successor Trustee of the *Castana Trust dated March 4, 2009* |
|---|---|
| Jennifer Zinnel<br>6939 Lisa Marie Way<br>Carmichael, CA 95608<br><br>Spouse of Deceased David P. Zinnel and alleged Beneficiary/Heir | |
| Joshua Zinnel<br>6939 Lisa Marie Way<br>Carmichael, CA 95608<br><br>Child of Deceased David P. Zinnel and alleged Beneficiary/Heir | Katelynn Zinnel<br>6939 Lisa Marie Way<br>Carmichael, CA 95608<br><br>Child of Deceased David P. Zinnel and alleged Beneficiary/Heir |

18    This motion is based upon this Notice of Motion and Motion for Reconsideration, the

19    concurrently filed Memorandum of Points and Authorities, the Declaration of Steve K. Zinnel, and

20    the Index of Exhibits, and upon such oral argument as may be presented to the Court at the hearing

21    noticed above.

23    Dated: October 20, 2023

Steven Zinnel
Creditor of the Estate of David P. Zinnel In Pro Per

1

**VERIFICATION**

2

I, STEVEN ZINNEL, declare:

3   I have read the foregoing NOTICE OF MOTION AND MOTION FOR

4  RECONSIDERATION OF THE COURT'S EX PARTE ORDER MADE ON OCTOBER 16, 2023

5  ENTITLED "ORDER *EX PARTE* APPLICATION FOR ORDERS DIRECTING

6  ADMINISTRATOR" and know the contents thereof. I believe that the same are true of my own

7  knowledge. I declare under penalty of perjury under the laws of the state of California that the

8  foregoing is true and correct and that this verification was executed on **October 20, 2023**, at Aliso

9  Viejo, CA.

10

11

12

13

14  Steven Zinnel

15  Creditor of the Estate of David P. Zinnel In Pro Per

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

(When All Case Participants, except for Steven Zinnel, are Registered with the Court's CM/ECF System)

I hereby certify that at the date of service, I was over the age of 18. I further certify all of the participants in the case, except for Steven Zinnel, as a non-attorney Pro Se party, are registered CM/ECF users and that service will be accomplished by the CM/ECF system **AND** by email. The foregoing document(s) were served on the following persons and/or organization via the CM/ECF system **AND** by email:

| | |
|---|---|
| Lynn Trinka Ernce, Esq.<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br>Email: lynn.trinka.ernce@usdoj.gov<br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br>Email: greg@kgregpeterson.com<br>Attorneys for Michael Brumbaugh and<br>Jennifer Zinnel |

I further certify the foregoing document(s) were served by the following method(s) checked:

☑ **BY THE COURT'S CM/ECF System:** All the participants in the case, except for Steven Zinnel, as a non-attorney Pro Se party, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☑ **BY ELECTRONIC MAIL:** I caused the foregoing document(s) to be transmitted via electronic mail to the email address(es) as above described.

Executed on **October 25, 2023**, at Aliso Viejo, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Steven Zinnel